

FILED
2015 Jun-18 AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMANDA C. THOMPSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:14-mc-2059-VEH |
| | ) |
| LVNV FUNDING, LLC, and SUSAN GAINES, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER
WITHDRAWING REFERENCE TO BANKRUPTCY COURT**

Before the court is a motion to withdraw the reference filed by defendant LVNV Funding, LLC ("LVNV"), on October 24, 2014. (Doc. 1). For the reasons stated herein, the motion will be **GRANTED**.

**I.     PROCEDURAL HISTORY**

On September 6, 2013, the plaintiff Amanda C. Thompson filed a petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Alabama. (Doc. 1-2 at 10). On December 12, 2013, Resurgent Capital Services ("Resurgent"), acting as agent for LVNV, filed a proof of claim in the case, asserting a total debt of $186.58 owed by Thompson. (Doc. 1-2 at 14-19). On September 15, 2014, Thompson responded by initiating an adversary proceeding

against LVNV, and Susan Gaines, the Claims Processor for Resurgent, in the bankruptcy court. In that proceeding, she alleges that LVNV violated the Fair Debt Collection Practices Act by filing a proof of claim concerning a debt that is unenforceable because the applicable statute of limitations has barred it. (Doc. 1-2 at 22). LVNV now moves this court to withdraw the reference of the adversary proceeding and to relieve the bankruptcy court of jurisdiction pursuant to 28 U.S.C. § 157(d). (Doc. 1 at 1).

## II.   ANALYSIS

District courts possess "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a) (2012). District courts are permitted, however, to refer all cases to the bankruptcy court to the extent that they are under Title 11, arise in Title 11, or relate to a case under Title 11. 28 U.S.C. § 157(a) (2012). This court has entered such a general order of reference. *See Bank United v. Manley*, 273 B.R. 229, 234 n.10 (N.D. Ala. 2001).

The reference that applies to this Chapter 13 case, however, is not absolute, because 28 U.S.C. § 157(d) provides for its withdrawal under limited circumstances, either as a mandatory matter or as a permissive matter. The district court is required to withdraw a proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating

organizations or activities affecting interstate commerce." *Id.* Some courts, citing the statute's plain language, have held that withdrawal is required if any consideration of a non-Title 11 federal law is necessary to a resolution of the dispute. *See, e.g., In re Kiefer*, 276 B.R. 196, 199 (E.D. Mich. 2002). Most courts, however, including all district courts within the Eleventh Circuit that have considered the issue, have found that "'withdrawal should be granted only if the current proceeding could not be resolved without substantial and material consideration of the non-Code federal law.'" *Abrahams v. Phil-Con Services, LLC*, No. 10–0326–WS–N, 2010 WL 4875581, *2 (S.D. Ala. Nov. 23, 2010) (quoting *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996)). For withdrawal to be warranted, "'the issues in question [must] require more than the mere application of well-settled or "hornbook" non-bankruptcy law; significant interpretation of the non-Code statute must be required.'" *Id.* (quoting *Vicars*, 96 F.3d at 953).

In keeping with the other courts of this circuit, this court will follow the latter approach. Clearly the FDCPA is a non-Title 11 federal law impacting interstate commerce, since the use of an "instrumentality of interstate commerce" is a definitional requirement for regulation under the statute, 15 U.S.C. § 1692a(6) (2012). Whether withdrawal is required, then, turns on whether substantial and material consideration of the FDCPA will be necessary to the resolution of the dispute.

Thompson points to the Eleventh Circuit's recent holding in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), arguing from it that the court's inquiry will not require substantial and material consideration of the FDCPA because the issue has been decided. (Doc. 3 at 4). In *Crawford*, the Eleventh Circuit held that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA. *Id.* at 1256. LVNV was there sued about the exact same conduct as is alleged in this case, namely, filing a proof of claim for a time-barred debt. In *Crawford*, LVNV moved to dismiss the action, asserting that the FDCPA did not prohibit its alleged conduct. The bankruptcy and district courts agreed with LVNV, but the Eleventh Circuit reversed and remanded, unequivocally holding that "[t]he FDCPA's broad language, our precedent, and the record compel the conclusion that defendants' conduct violated a number of the Act's protective provisions." *Id.* at 1257.

LVNV presents two rebuttal arguments attempting to prove that, even in light of *Crawford*, substantial and material consideration of the FDCPA is required to resolve Thompson's claims. First, LVNV asserts that "the issue before the Eleventh Circuit [in *Crawford*] was the sufficiency of the pleadings under a Rule 12(b)(6) motion, and not the ultimate merits of the case." (Doc. 4 at 3). LVNV contends that because the appellate opinion in *Crawford* was not a final determination on the

4

merits, and the Eleventh Circuit purposefully left unresolved initial issues for the district court, *Crawford* cannot be relied upon for a withdrawal analysis under the FDCPA. However, a Rule 12(b)(6) motion is a proper vehicle for the resolution of a question of law. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate . . . ."). The Eleventh Circuit expressly held in *Crawford* that the filing of a proof of claim to collect a stale debt in a Chapter 13 bankruptcy violates the FDCPA, *id.* at 1256, and the procedural posture in that case does not negate it as binding authority.

The court is persuaded by LVNV's second argument, however. In *Crawford*, the Eleventh Circuit did not resolve the following issue: "Whether the [Bankruptcy] Code 'preempts' the FDCPA when creditors misbehave in bankruptcy." *Crawford*, 758 F.3d at 1262 n.7. As the Eleventh Circuit noted, some circuits have held that the Bankruptcy Code precludes remedies under the FDCPA for actions taken in bankruptcy. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002). Other circuits have allowed debtors to seek remedies under the FDCPA. *See Simon v. FIA Card Serv., N.A.*, 732 F.3d 259, 271-74 (3d Cir. 2013); *Randolph v. IMBS, Inc.*, 368 F.3d

5

726, 730-33 (7th Cir. 2004). District courts within this circuit are similarly split. *Compare In re McMillen*, 440 B.R. 907 (N.D. Ga. 2010); *In re Pariseau*, 395 B.R. 492 (M.D. Fla. 2008) (preclusion); *with Rios v. Bakalar & Assocs.*, 795 F. Supp. 2d 1368 (S.D. Fla. 2011); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328 (M.D. Fla. 2010) (no preclusion). The preclusion issue will require the court to weigh in on a circuit split that the Eleventh Circuit has thus far "artfully dodged," *Crawford*, 758 F.3d at 1262 n.7, and that has split courts within the circuit. Accordingly, substantial and material consideration of the FDCPA will be required in order to resolve Thompson's claims, so that mandatory withdrawal of the reference is necessary, and LVNV's motion must be granted.[1]

---

[1] The circumstances of the instant case are the exact same as those in several other cases involving individuals with adversary proceedings against LVNV in the bankruptcy court. In those cases as well, motions to withdraw the reference have been filed. To the court's knowledge, in the Northern District of Alabama this approach has been followed in three reported cases, and three unreported cases. *See, Walker v. LVNV Funding, LLC*, No. 5:14-MC-02057-LSC, 2014 WL 7409525 (N.D. Ala. Dec. 31, 2014) (Coogler, J.); *Drummond v. LVNV Funding, LLC*, No. 5:14-MC-02058-LSC, 2014 WL 7409541 (N.D. Ala. Dec. 31, 2014) (Coogler, J.); *Williams v. LVNV Funding, LLC*, No. 7:14-MC-02055-LSC, 2014 WL 7409544 (N.D. Ala. Dec. 31, 2014) (Coogler, J.); *Bell v. LVNV Funding LLC*, 2:14-cv-02053-WMA, DOC. 8 (Acker, J); *Lauderdale v. LVNV Funding LLC et al*, 7:14-cv-02056-WMA, DOC. 3 (Acker, J.); *Bunch v. LVNV Funding LLC*, 5:14-cv-02061-WMA, DOC. 8 (Acker, J.). In *Washington v. LVNV Funding, LLC*, No. 7:14-MC-02054-RDP, 2015 WL1245741 (N.D. Ala. Mar. 18, 2015) (Proctor, J.), Judge Proctor also followed the approach outlined above, but only up to and including LVNV's first argument. Addressing the second argument he wrote:

> LVNV's second argument concerns the issue of whether the Bankruptcy Code preempts the FDCPA when creditors misbehave in the bankruptcy context. (Doc. # 5 at 6–8.) This argument likewise fails. First, LVNV has not directly raised the issue here and does not seek a ruling from this court on the issue. Rather, LVNV merely argues that "the *Crawford* opinion produced disparities

6

> between the Bankruptcy Code and the FDCPA[,] and such disparities are 'complicated interpretive issues[ ] of first impression,' " which require "substantial and material" consideration of the FDCPA. (Doc. # 5 at 6–8). Thus, according to LVNV, whether the Bankruptcy Code "preempts" the FDCPA is an "example of a 'complicated interpretive issue [ ] of first impression.' " (Doc. # 5 at 6). To be clear, LVNV explicitly states the matter is not before the court: "By presenting *Patrick,* Plaintiff is in essence asking this court to rule on a matter not presently before it." (Doc. # 5 at 7).
>
> The court is aware that at least one circuit has held that the Bankruptcy Code broadly precludes remedies under the FDCPA for actions taken in bankruptcy. *See Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510 (9th Cir.2002). And another court of appeals has held that the Bankruptcy Code precludes remedies under the FDCPA for wrongfully filed proofs of claim. *See Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 (2nd Cir.2010). However, the court finds that the parties have not placed the preemption issue before the court at this juncture. Moreover, any analysis of the interplay between the Bankruptcy Code and the FDCPA will undoubtedly require a close look at the Bankruptcy Code, which, in actuality, makes the bankruptcy court best situated to undertake that analysis (if a party raises the issue). Thereafter, the issue may be raised before this court on any appeal from the bankruptcy court's decision. As such, the court finds that mandatory withdrawal is not warranted at this time.

*Washington*, 2015 WL 1245741, at *3. Judge Proctor then discussed "permissive withdrawal" and ultimately denied the motion to withdraw the reference. *Id.* at *3. Judge Bowdre, also in this district, followed the same approach in *Slaughter v. LVNV Funding, LLC*, No. 2:14-MC-2050-KOB, 2015 WL 627954, at *3 (N.D. Ala. Feb. 12, 2015) (Bowdre, J.).

The court has considered these opinions but holds that the issue of preemption has been sufficiently raised. (*See* doc 4 at 6) (explaining that the preemption issue is a "complicated interpretive issue[] of first impression" for this court to resolve). Apparently the parties in all of these cases have filed identical, or nearly identical, briefs in the district court, because the same language concerning the *Patrick* case appears in the instant case. (*See* doc. 4 at 7) ("By presenting *Patrick,* Plaintiff is in essence asking this court to rule on a matter not presently before it." ). However, it seems to this court that the defendant meant "not presently before it <u>in the motion to withdraw</u>." This court does not believe that the defendant meant to imply that preemption would not be an issue in the case. This court's conclusion is buttressed by the very next line of the defendant's brief, which reads: "*Patrick* supports Defendant's notion that withdrawal of this case to the District Court is appropriate because the preemption issue, for instance, requires an evaluation of non-federal bankruptcy law that this Court is more suited to hear than the Bankruptcy Court." (Doc. 4 at 7). It seems clear to this court that preemption will be a major issue in the adversary proceeding. Further, while it is true that, in reviewing the

7

## III. CONCLUSION

For the reasons stated above, LVNV's motion to withdraw the reference is **GRANTED**, and the action is hereby **WITHDRAWN** from the Bankruptcy Court for the Northern District of Alabama. The clerk is **DIRECTED** to assign this case as a civil action.

**DONE** and **ORDERED** this 18th day of June, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

preemption issue, "a close look at the Bankruptcy Code," will be required, because "substantial and material consideration of the FDCPA will be required," withdrawal of the reference is mandatory.